IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

Filed at 12:08 P. M
11.18 , 20 14
W DS
Deputy Clerk, U.S. District Court
Middle District of Georgia

CRANDALL O. POSTELL                )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )
                                   )
JOHN C. PRIDGEN,                   )
Chief Superior Court Judge,        )
Cordele Judicial Circuit,          )
in his official and individual     )
capacities,                        )
                                   )
ROBERT W. CHASTEEN, JR.,           )
Superior Court,                    )
Cordele Judicial Circuit,          )
in his official and individual     )
capacities,                        )
                                   )
T. CHRISTOPHER HUGHES,             )
Superior Court,                    )
Cordele Judicial Circuit,          )
in his official and individual     )
capacities,                        )
                                   )
JEAN H. ROGERS,                    )
Clerk of Court,                    )
Cordele Judicial Circuit,          )
in her official and individual     )
capacities,                        )
                                   )
PEGGY S. HARALSON                  )
as Executor of the ESTATE OF       )
DONNIE R. HARALSON, deceased,      )
Sheriff of Crisp County,           )
in his official and individual     )
capacities,                        )
                                   )
        Defendants.                )
_____)

CIVIL ACTION
No.: 1:14-CV-122 (WLS)


JURY TRIAL
DEMANDED

## AMENDED COMPLAINT FOR DAMAGES

**COMES NOW**, the Plaintiff CRANDALL O. POSTELL, pro se and files this Amended Complaint for Damages against Defendants JOHN C. PRIDGEN, ROBERT W. CHASTEEN, JR., T. CHRISTOPHER HUGHES, JEAN H. ROGERS, and PEGGY S. HARALSON as Executor of the ESTATE OF DONNIE R. HARALSON for violation of the First, Fourth and Fourteenth Amendment to the United States Constitution, 42 U.S. Code § 1983, 1985; civil conspiracy, 1988 and Article I, Section II, Par. IX (d) of the Georgia Constitution, and states as follows:

### JURISDICTION AND VENUE

1.      This Court has proper jurisdiction over the parties to this action and over the subject matter pursuant to Title 42 U.S. Code § 1983 and 1985 for violations of the First, Fourth, and Fourteenth Amendment to the United States Constitution and Georgia Constitution and other applicable law.

2.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because at least one Defendant resides in this judicial district. This district is also an appropriate venue for this action under 28 U.S.C. § 1391(b)(2) because all of the events or omissions giving rise to the claims asserted herein occurred in this judicial district. Furthermore, the Crisp County Law Enforcement Center is situated within the district and divisional boundaries of the Middle District of Georgia, Albany Division.

3.      This is an action for damages in excess of $75,000.00, both declaratory and injunctive relief to compel Defendant-Judges to refrain from all duties of their

2

official position for civil conspiracy the closing of LEC courtroom door to Plaintiff in violation of Plaintiff's Constitutional Rights, exclusive of attorney's fees and costs.

## PARTIES

PLAINTIFF

4.    Plaintiff CRANDALL O. POSTELL is a resident of Cordele, Georgia and submits himself to the jurisdiction of this Court.

DEFENDANTS

5.    Defendant JOHN C. PRIDGEN (Defendant Pridgen), a resident of Crisp County, he is the Chief Judge of the Cordele Judicial Circuit. Defendant Pridgen presides over proceedings in the Superior Courts of the Cordele Judicial Circuit. Defendant Pridgen is sued in his official and individual capacities.

6.    Defendant ROBERT W. CHASTEEN, JR. (Defendant Chasteen), a resident of Ben Hill County, he is a Superior Court Judge of the Cordele Judicial Circuit. Defendant Chasteen presides over proceedings in the Superior Courts of the Cordele Judicial Circuit. Defendant Chasteen is sued in his official and individual capacities.

7.    Defendant T. CHRISTOPHER HUGHES (Defendant Hughes), a resident of Ben Hill County, he is a Superior Court Judge of the Cordele Judicial Circuit. Defendant Hughes presides over proceedings in the Superior Courts of the Cordele Judicial Circuit. Defendant Hughes is sued in his official and individual capacities.

8.    Defendant JEAN H. ROGERS (Defendant Rogers), a resident of Crisp County, she is the Clerk of Court of the Cordele Judicial Circuit. Defendant Rogers is sued in her official and individual capacities.

9.    Defendant PEGGY S. HARALSON as Executor of the ESTATE OF DONNIE R. HARALSON (Defendant Haralson), deceased. The Defendant Haralson was

a resident of Crisp County; at the time of all allegations Defendant Haralson was the Sheriff of Crisp County and is sued in his official and individual capacities.

## **BACKGROUND**
(Racism Conspiracy)
(Pridgen, Chasteen, Hughes & Haralson)

10.    On March 23rd, 2003 the Crisp and Ben Hill County Branches of the National Association for the Advancement of Colored People (NAACP) assisted Plaintiffs Kelvin Hampton, Eddie P. Montford, Eric Sailor, and Rodney Paul to file a civil rights lawsuit which challenged closed courtrooms in the Bell Hill and Crisp County Law Enforcement Centers and to address the Circuit's inadequate indigent defense system (Public Defender's office) against Judge Whitfield R. Forrester and Judge John C. Pridgen, et al.

11.    On August 16, 2004 the law Office of the Southern Center for Human Rights that represented the Plaintiffs dropped the lawsuit. Defendant-Judges Forrester and Pridgen maintained that the public's access to criminal proceedings in jail courtrooms was, and would remain, open and unobstructed. The Defendants only had to state "that the public's access to criminal proceedings in jail courtrooms was, and would remain, open and unobstructed." This was the reason for the dismissed complaint.

12.    Once the claim was dismissed the Defendants in *Hampton v. Forrester*, Civil Action No. 03V-118 (Crisp County Super. Ct. Aug. 16, 2004), Judges Forrester and Pridgen immediately reinstituted closure of the courtrooms and continued for over eight years.

13.    On June 21, 2012, attorney Stephen Bright with the Southern Center for Human Rights filed a Class Action Lawsuit on behalf of Beverly Fuqua, Joyce Scales,

Virginia Stillwell Goodman, and Reverend James Davis, III against Defendant-Judges Chief John C. Pridgen, Robert W. Chasteen, Jr., T. Christopher Hughes, and Sheriff Donnie Haralson, et al., for the same violations of 2003; closed courtrooms.

14.     On November 26, 2013, the Plaintiff's Representative Stephen Bright of the Southern Center for Human Rights dismissed the lawsuit.  The parties reached an agreement to stop using the Law Enforcement Center (LEC) courtrooms for criminal proceedings, except in limited circumstance which will be detailed in case-specific orders with findings as to why the use of such courtrooms is necessary in a specific criminal case.

15.     The parties also agreed that the Defendant-Judges John C. Pridgen, Robert W. Chasteen, and T. Christopher Hughes will pay a reduced amount of $40,000.00 in attorneys' fees. In doing so Defendants did not agree that they acted outside of their jurisdiction within the meaning of 42 U.S.C. § 1988.

16.     Defendant-Judges and Defendant Haralson conspired with each other to close the courtroom door at the LEC to deprive the public predominately blacks of their Constitutional Rights which is a violation of 42 U.S. Code § 1983.

### COUNT I

(Settlement Agreement Violates Plaintiff's
Constitutional Rights 42 U.S. Code § 1983)
Pridgen, Chasteen, Hughes & Haralson

17.     Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 16 of this Amended Complaint as if fully set forth herein.

18.     On November 4, 2013, Defendant-Judges Chief John C. Pridgen, Robert W. Chasteen Jr., and T. Christopher Hughes entered into a Settlement Agreement in

*BEVERLY FUQUA et al. V. JOHN PRIDGEN et al.*, Civil Action No. 1:12-cv-093(WLS) and signed into Order on November 26, 2013 (See Settlement Agreement attached as Exhibit "A").

      19.    The Terms of the Agreement are as follows:

II. (j)

> If Plaintiffs form a reasonable belief that Defendants, including Defendant Haralson and Defendant-Bailiffs, are in violation of this Settlement Agreement, Plaintiffs shall give notice to Defendants in writing, and shall state with specificity the alleged noncompliance. If Defendants have not acted to cure such noncompliance within 30 days, Plaintiffs may seek contempt from the District Court or, if the 18 month term of the consent order has expired, exercise their statutory right to pursue preliminary or permanent injunctive relief under 42 U.S.C. § 1983, or they may file a complaint with the Georgia Judicial Qualifications Commission.

      20.    This portion of the Settlement Agreement violates Plaintiff's Constitutional Rights. It gives the Defendant-Judges 30 days to correct a potential violation and limits Plaintiff from filing a lawsuit with the United States District Court.

      21.    If and when Defendant-Judges violates Plaintiff's Constitutional Rights, Plaintiff has the right to file suit immediately. This Agreement gives the Defendant-Judges the authority to violate Plaintiff's Constitutional Rights over and over for 30 days before he or anyone can do anything about it.

      22.    The Settlement Agreement and the Order of November 26, 2013 is Void, and the case should be re-opened.

    WHEREFORE, Plaintiff seeks judgment from this Court as follows:

      a.  Enter judgment in favor of Plaintiff against the Defendants;

b.  Issue a declaratory judgment that Defendant-Judges Settlement Agreement violates Plaintiff's rights pursuant to 42 U.S. Code § 1983;

c.  To declare that *BEVERLY FUQUA et al. V. JOHN PRIDGEN et al.*, Civil Action No. 1:12-cv-093(WLS) case is reopen;

d.  Enter an Order Striking the Settlement Agreement; and

e.  Enter an Order Voiding the Order of November 26, 2013 which granted the Settlement Agreement.

## COUNT II

### FRAUD ON THE COURT
### (CONTEMPT OF COURT AND VIOLATION OF CIVIL CONSPIRACY UNDER 42 U.S. CODE § 1985)
(Pridgen, Chasteen, and Hughes)

23.  Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 22 of this Amended Complaint as if fully set forth herein.

24.  Defendant-Judges Pridgen, Chasteen, and Hughes entered the agreement on November 4, 2013 deceiving the Court and Plaintiffs, knowing that they were not in compliance with the terms of the agreement from commencement and committed Fraud on the Court.

25.  The Terms of the Agreement are as follows:

II. h. (3)

> Stop using the Law Enforcement Center courtrooms for criminal proceedings, except in limited circumstances which will be detailed in case-specific orders with findings as to why the use of such courtrooms is necessary in a specific criminal case. (Defendant-Judges have already issued Standing Order 2013-01 to this effect and they agree to maintain and abide by that Order. See Exhibit C.)

26.     The Defendant-Judges' Standing Order 2013-01 was filed with the Clerk's office on March 6, 2013 (See Standing Order 2013-01 attached as Exhibit "B") and was to be posted at the door of the Courtrooms in Crisp County.

27.     When Defendant-Judges Pridgen, Chasteen, and Hughes signed the Settlement Agreement on November 4, 2013 they knew that they were committing Fraud on the Court because the Defendant-Judges never posted Standing Order 2013-01 at any of the Courtrooms; instead they posted Standing Order 2013-02 with a different name and substance from Standing Order 2013-01 (See Standing Order 2013-02 attached as Exhibit "C").

28.     The Standing Order 2013-02 was signed on March 19, 2013, Defendant-Judges Pridgen, Chasteen, and Hughes knew that agreeing to post Standing Order 2013-01 and not mentioning the 2013-02 Standing Order was Fraud on the Court.

29.     The Defendant Chief Judge John C. Pridgen conspired with Defendant-Judges Robert W. Chasteen and T. Christopher Hughes to manipulate the Court's jurisdiction by issuing a Standing Order to achieve a dismissal which was never implemented in violation of 42 U.S. Code § 1983 and 1985.

30.     Defendant-Judges actions trying to manipulate the Court's jurisdiction to achieve a dismissal and now committed Fraud on the Court to achieve a Settlement Agreement with Plaintiff Beverly Fuqua, et al. and have damaged Plaintiff Postell and the public.

31.     The Defendant Chief Judge John C. Pridgen conspired with Defendant-Judges Robert W. Chasteen and T. Christopher Hughes to violated the public and Plaintiff's constitutional rights by agreeing to hold presiding in the Crisp County LEC in

stead of the Courthouse downtown when they knew that the LEC was designed to prevent the public and Plaintiff from being able to see *all* courtroom proceedings in violation of civil conspiracy under 42 U.S. Code § 1985.

WHEREFORE, Plaintiff seeks judgment from this Court as follows:

a.  Enter judgment in favor of Plaintiff against the Defendants;

b.  Issue a declaratory judgment that Defendant-Judges' acts violated Plaintiff's rights pursuant to 42 U.S. Code § 1983 and the First Amendments to the Constitution of the United States;

c.  To declare that Defendant-Judges John C. Pridgen, Robert W. Chasteen, and T. Christopher Hughes are in contempt of court for committing Fraud on the Court in violation of 42 U.S. Code § 1983 and 1985;

d.  To declare that Defendant-Judges John C. Pridgen, Robert W. Chasteen, and T. Christopher Hughes conspired to violate the public and Plaintiff's constitutional rights under 42 U.S. Code § 1983 and 1985; and

e.  Issue a injunction compelling Defendant-Judges to recuse themselves from all proceedings in the Cordele Judicial Circuit and after doing so refrain from all Judicial duties.

## COUNT III

## EXCLUSION OF PLAINTIFF IN VIOLATION OF THE FIRST AMENDMENT TO THE U.S. CONSTITUTION 42 U.S.C. § 1983
(Pridgen, Hughes, Chasteen & Haralson)

32.  Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 31 of this Amended Complaint as if fully set forth herein.

33.    On February 20, 2013, this Court issued an Order in *FUQUA et al v. PRIDGEN et al.*, case number 1:12-cv-93 (WLS) which held: "This case, at the very least, presents exactly the type of partial closure contemplated by the Eleventh Circuit. *Douglas* itself, the seminal Eleventh Circuit case on partial closure, involved a court order that excluded all of the public except family and the press. 739 F.2d at 532. The court has reaffirmed that such as exclusion implicates constitutional rights. *See Judd*, 250 F.3d at 1315 ("When access to the courtroom is retained by some spectators (such as representatives of the press or the defendant's family members), we have found that the impact of the closure is not as great, and not as deserving of such a rigorous level of constitutional scrutiny."). A constitutional claim, in other words, does not disappear in the absence of a total closure.

34.    Plaintiff Postell was informed by this Court's Order of February 20, 2013 that the Defendant-Judges violated a Constitutional Right.

35.    As a general rule, "the statute of limitation does not begin to run until the facts which would support a cause of action are apparent to a person with a reasonably prudent regard for his rights." *Lovett v. Ray*, 327 F.3d at 1182.

36.    On August 18, 2010, Plaintiff attempted to observe civil and criminal proceedings at the Crisp County LEC.

37.    Plaintiff arrived around 8:30 a.m. and was met with people standing in the hallway expressing discomfort and upset about not being able to see the proceedings. Plaintiff opened the door to the courtroom and was met by Sergeant Charles Burrough.

38.     Sheriff Deputy Burrough requested; "who did you come here to see," I told him any proceedings; he stated that I would have to wait.  I could see at least two seats available.

39.     Defendant Chief Judge John C. Pridgen was on the bench ruling on a criminal matter. Defendant Pridgen looked over and we made eye contact and he witnessed me talking to deputy Burrough.  Defendant Pridgen could see available seats but failed to allow Plaintiff to enter the courtroom.

40.     Plaintiff waited in the hallway just like everybody else, after about 30 minutes of waiting missing several inmates' proceedings, Plaintiff was allowed to enter to see inmate Ricky Bernard Hudson's bond hearing.

41.     On March 4, 2010, Plaintiff and his brother Michael Postell arrived at the LEC around 8:30 a.m. and attempted to enter the courtroom at the LEC to watch other proceeding before Plaintiff's brother civil hearing to occur at 9:00 a.m.  Plaintiff and his brother was met by deputy Burrough and informed they would have to wait until 9:00 a.m. to enter the courtroom.

42.     Defendant Hughes was on the bench presiding over issues, he observed Plaintiff and Plaintiff's brother talking with deputy Burrough, Defendant Hughes and Plaintiff could see three available seats and other people outside waiting to enter the courtroom but Defendant Hughes did nothing to allow Plaintiff and his brother to enter the courtroom.

43.     Plaintiff Postell and his brother Michael Postell waited in the lobby where other potential observers waited.  Plaintiff and his brother were allowed to enter the courtroom at 9:00 a.m.

44.    On January 26, 2009, Plaintiff had a civil hearing scheduled at 9:00 a.m. in front of Defendant Judge Chasteen. Plaintiff attempted to enter the courtroom approximately 8:40 a.m. but was met by a Sheriff Deputy who informed Plaintiff that he would have to wait outside until the Deputy call for him. Again Plaintiff could see available seats but were not allowed to enter.

45.    Plaintiff experienced the same type of treatment in 2011 and 2012 when Defendant-Judges Pridgen, Hughes and Chasteen failed to allow Plaintiff to enter the LEC courtroom.

46.    This was a common practice by Defendant-Judges and Defendant Haralson to question all spectators who attempted to enter the LEC and to stop them at the door and not allow entry.

47.    Plaintiff Postell thought the Defendant-Judges had the authority to regulate entry into the courtroom.

48.    The First Amendment of the United States Constitution guarantees that courtrooms be open to members of the public. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) (plurality opinion) (holding that media was improperly denied access to state trial), *id*. At 582 (White, J., concurring), *id*. At 584 (Stevens, J., concurring), *id*. at 598 (Brennan, J., joined by Marshall, J., concurring), *id*. at 599 (Stewart, J., concurring), *id*. at 604 (Blackmun, J., concurring). This includes pre- and post-trial proceedings. *See Press-Enterprise Co. Superior Court* (*Press Enterprise II*), 478 U.S. 1, 10 (1986) (holding the media and the public have a First Amendment right to attend preliminary hearings in state court); *Press-Enterprise Co. v. Superior Court* (*Press*

*Enterprise I*), 464 U.S. 501, 505 (1984) (holding the media and the public have a First Amendment right to attend *voir dire* proceedings in state criminal cases).

49.     Because the vast majority of criminal cases in Crisp County end in guilty pleas prior to trial, these pretrial hearings, like preliminary hearings, provide "the sole occasion for public observation of the criminal justice system." *Press-Enterprise II*, 478 U.S. at 12 (quoting *San Jose Mercury-News v. Municipal Court*, 30 Cal.3d 498, 511 (1982)). Moreover, the absence of a jury in these proceedings "makes the importance of public access . . . even more significant." *Id.* at 13.

50.     Criminal hearings carry with them a presumption of openness that can only be overcome "by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. " *Press-Enterprise I*, 464 U.S. at 510. Yet Defendant-Judges have failed to make *any* judicial findings justifying the closed courtroom or particular cases in the Crisp County Jail. Defendant Haralson's deputies have routinely and consistently denied Plaintiff and members of the public access to criminal proceedings with the rare exception of allowing some family members of a criminal defendant to sometimes see proceeding involving that defendant.

51.     The Crisp County Sheriff's deputies stood at the entrance of the jail courtroom and question members of the public about their reasons for seeking entry to the courtroom, regardless of available seats inside the courtroom. The deputies then instruct members of the public that they cannot enter the courtroom at all if their loved one enters a not guilty plea.

52.     The Defendant-Judges and Defendant Haralson's actions, inactions, customs, and practices alleged herein are acting under color of state law, have failed to

ensure that Plaintiff and the public were able to observe criminal proceedings in violation of the right to public trials as guaranteed by the First Amendment of the United States Constitution, as enforced through 42 U.S. Code § 1983 and other applicable law.

53.    Plaintiff Postell who attempts to watch Superior Court guilty plea proceedings, arraignments, calendar calls, bond hearings, sentencing, and other criminal and civil proceedings in the Crisp County Jail courtroom was routinely met by sheriff's deputy Charles Burrough who for the Defendants closed public hearings for a host of reason- none of which are legally sufficient.

54.    Neither the District Attorney's office nor any defendant in a criminal case has moved for closure in *any* case and demonstrated that closure is (1) essential to preserve higher values than the constitutional interests of Plaintiff, and (2) narrowly tailored to serve those values as required by *Press-Enterprise CO. v. Superior Court* (Press Enterprise I), 464 U.S. 501, 510 (1984). Nor has any party established by "clear and convincing proof" that closing a proceeding is the only means to avoid a "clear and present danger" to the moving party's asserted interest. *See R.W. Page Corp. v. Lumpkin*, 249 Ga. 576, 579, 292 S.E.2d 815 (1982). Nor have there been written court findings to support the closing of a particular case. Far from being narrowly tailored, closure is the rule at *all* hearings taking place in the courtroom at the Crisp County Law Enforcement Center.

55.    The closing of this courtroom to Plaintiff and to members of the public violates the First and Fourteenth Amendment to the United States Constitutional and Georgia Constitution. It violates the defendants in the Cordele Judicial Circuit Sixth and

Fourteenth Amendment Rights and the rights guaranteed by Article I, §II, Paragraphs IX of the Georgia Constitution to both the general public and defendants.

56.     Defendant Haralson was directly responsible for the daily management, administration, and operation of the Crisp County Jail.  In Defendant Haralson's capacity as Sheriff, he caused, created, participated in, acquiesced in the policy of closing the courtroom door, as described above.

57.     Before a trial court may prevent the public from attending a criminal proceeding:

> The party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure.

*Presley*, 130 S. Ct. at 724 (quoting *Waller*, 467 U.S. at 48). Thus, these cases do not allow the routine closing of judicial proceedings to the public, but allow closure only in the exceptional case where there are compelling case-specific reasons for closure in that particular case.

58.     Trial courts "are obligated to take every reasonable measure to accommodate public attendance" at criminal proceedings. The trial court in the Crisp County of the Cordele Judicial Circuit regularly violated this constitutional command. Hearings were routinely and regularly closed to the public with the only exceptions being made arbitrarily by Defendant Haralson's deputies who, acting in accordance with their superiors' policy of exclusion, allow in certain relatives for the single proceeding involving their loved one as long as that person does not plead not guilty.

59.    Defendant-Judges Pridgen, Chasteen, and Hughes has authorized, condoned, ratified, approved, and/or knowingly acquiesced in the policy of closing the Crisp County Law Enforcement Center courtroom to members of the public and families.

60.    The closure of all proceedings in the jail courtroom is a broad and blatant violation of the First, as well as the Sixth and Fourteenth Amendments.

WHEREFORE, Plaintiff seeks judgment from this Court as follows:

a.  Enter judgment in favor of Plaintiff against the Defendants;

b.  Issue a declaratory judgment that Defendants' acts violated Plaintiff's rights pursuant to 42 U.S. Code § 1983 the First and Fourteenth Amendments to the Constitution of the United States;

c.  To declare that Defendant-Judges John C. Pridgen, Robert W. Chasteen, and T. Christopher Hughes are in violation of 42 U.S. Code § 1983.

d.  To declare that Defendant-Judges John C. Pridgen, Robert W. Chasteen, and T. Christopher Hughes conspired to violate the public and Plaintiff's constitutional rights under 42 U.S. Code § 1985.

e.  Order Defendants to make Plaintiff Postell whole by providing for any and all monetary damages to be proven at trial and/or provided by law, jointly and severally, in an amount to be determined by the enlightened conscious of a jury as will fully compensate Plaintiff for violation of Plaintiff's Constitutional Rights;

f.  Grant Plaintiff punitive damages;

g.  Grant Plaintiff prejudgment interest;

h.  Award Plaintiff the costs of this action and reasonable attorney's fees; and

i.   Grant such additional relief as this Court deems proper and just.

## COUNT IV

### PRIVACY VIOLATION OF PLAINTIFF'S FIRST AMENDMENT TO THE U.S. CONSTITUTION, 42 U.S.C. § 1983
(Haralson)

### CLAIMS FOR DAMAGES AND RELIEF

61.     Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 60 of this Amended Complaint as if fully set forth herein.

62.     On March 4, 2013 at approximately 9:00 a.m. Plaintiff was at the Clerk's Office at the Crisp County Courthouse researching cases.

63.     Plaintiff was approached by a Crisp County Deputy who requested Plaintiff to leave and go outside with him.  Plaintiff was escorted outside the Clerk's office and was informed by the Sheriff deputy that he had ran Plaintiff's license plate on his vehicle and learned that a warrant was issued for Plaintiff's arrest.

64.     Plaintiff was place in handcuffs and put inside the deputy's patrol car and taken to the Crisp County LEC where Plaintiff was booked and place in a holding cell.

65.     Houston County had issued a warrant for Plaintiff's arrest for failing to pay a speeding ticket.

66.     Plaintiff was then transported to the Houston County Jail where he paid the fine and was released.

67.     Plaintiff spent approximately six hours incarcerated due to Defendant Haralson's illegal search of running Plaintiff license plate. Defendant Haralson was without probable cause to run Plaintiff's license plate.

68.    Plaintiff was not operating his vehicle when the deputy ran the search. Plaintiff was in the Clerk's Office when the deputy ran the search.

69.    Because of Defendant Haralson's actions Plaintiff was not able to learn of the warrant through other means.

70.    Defendant Haralson discriminated against Plaintiff by not searching everyone's license plate that enter the courthouse parking lot and in violation of Plaintiff's First, Fourth, and Fifth Amendment to the constitutional under 42 U.S. Code § 1983.

WHEREFORE, Plaintiff seeks judgment from this Court as follows:

a.    Enter judgment in favor of Plaintiff against the Defendant Haralson;

b.    To declare that Defendant Haralson is in violation of Plaintiff's First, Fourth, and Fifth Amendment to the constitutional under 42 U.S. Code § 1983;

c.    To declare that Defendant Haralson discriminated against Plaintiff and is in violation of Plaintiff's constitutional rights under 42 U.S. Code § 1983;

d.    Award Plaintiff compensation for Defendant Haralson's illegal acts, unlawful conduct, including emotional pain and suffering, anxiety, stress, depression, humiliation, and punitive damages in an amount to be determined by the jury at trial;

e.    Award Plaintiff reasonable costs and attorney's fees; and

f.    Award Plaintiff such other and further relief as the Court may deem appropriate.

<u>**COUNT V**</u>

<u>**VIOLATION OF PLAINTIFF'S**</u>
<u>**FIRST, FOURTH AND FIFTH  AMENDMENT TO THE U.S.**</u>
<u>**CONSTITUTION, 42 U.S.C. § 1983**</u>
(Pridgen)

**CLAIMS FOR DAMAGES AND RELIEF**

71.     Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 70 of this Amended Complaint as if fully set forth herein.

72.     On October 23, 2007 Plaintiff filed a lawsuit against James Allen McKee for causing damages to Plaintiff's BMW 325i convertible.

73.     Defendant Pridgen was assigned to hear the case. Plaintiff filed a motion for recusal which was denied.

74.     Plaintiff filed his second motion for recusal, different from the first motion to recuse, and Defendant Pridgen failed to issue an Order.

75.     Defendant Pridgen discriminated against Plaintiff.

76.     Trial was held on February 17, 2009 without the Defendant ever ruling on Plaintiff's Motion for Recusal.

WHEREFORE, Plaintiff seeks judgment from this Court as follows:

a.  Enter judgment in favor of Plaintiff against the Defendants Pridgen;

b.  To declare that Defendant Pridgen is in violation of Plaintiff's First, Fourth, and Fifth Amendment to the constitutional under 42 U.S. Code § 1983;

c.  To declare that Defendant Pridgen discriminated against Plaintiff and is in violation of Plaintiff's constitutional rights under 42 U.S. Code § 1983;

d. Award Plaintiff compensation for Defendant Pridgen illegal acts, unlawful conduct, including emotional pain and suffering, anxiety, stress, depression, humiliation, and punitive damages in an amount to be determined by the jury at trial;

e. Award Plaintiff reasonable costs and attorney's fees; and

f. Award Plaintiff such other and further relief as the Court may deem appropriate.

## COUNT VI

### PRIVACY AND CONSPIRACY VIOLATION OF PLAINTIFF'S FIRST, FOURTH, FIFTH  AMENDMENT TO THE U.S. CONSTITUTION, 42 U.S.C. § 1983 AND 1985
(Pridgen & Rogers)

77.    Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 76 of this Amended Complaint as if fully set forth herein.

78.    On June 27, 2012 Plaintiff was at the Clerk's office researching cases.

79.    Without Plaintiff knowledge Defendant Rogers or an employee logged in the cases that Plaintiff was researching.

80.    Defendant Roger or her employee logged on three different times case that Plaintiff was viewing; case number 03V-118, 07V-517 and 09V-169 (See attached as Exhibit "D").

81.    On September 24, 2012 Sherry Steuerwald with Martin Show, LLP e-mailed Connie Hardegree, employee of Defendant Rogers, stated; "I received the docket sheet in 07-V-517 by fax. I was wondering if you could explain an entry dated 6-27-2012 (the last one) that mentions Mr. Postell viewed this 09-V-169 and 07-V-517 and 03V-118. What exactly does that mean? Thanks!" (See attached as Exhibit "E").

82.    The Defendant Chief Judge John C. Pridgen conspired with Defendant Rogers to discriminate and violated Plaintiff's constitutional rights by keeping a tab on everything Plaintiff researched in the Clerk's Office.

WHEREFORE, Plaintiff seeks judgment from this Court as follows:

a. Enter judgment in favor of Plaintiff against the Defendants Pridgen and Rogers;

b. To declare that Defendants Pridgen and Rogers is in violation of Plaintiff's First, Fourth, and Fifth Amendment to the constitutional under 42 U.S. Code § 1983;

c. To declare that Defendants Pridgen and Rogers discriminated against Plaintiff and is in violation of Plaintiff's constitutional rights under 42 U.S. Code § 1983;

d. Award Plaintiff compensation for Defendants Pridgen and Rogers illegal acts, unlawful conduct, including emotional pain and suffering, anxiety, stress, depression, humiliation, and punitive damages in an amount to be determined by the jury at trial;

e. Award Plaintiff reasonable costs and attorney's fees; and

f. Award Plaintiff such other and further relief as the Court may deem appropriate.

## COUNT VII

## EXCLUSION OF PLAINTIFF FROM THE COURTROOM IN VIOLATION OF ARTICLE, § 1, PARAGRAPH XI OF THE GEORGIA STATE CONSTITUTION
(Pridgen, Chasteen, Hughes & Haralson)

83.    Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 82 of this Amended Complaint as if fully set forth herein.

84.    Independent of the protections of the federal constitution, Article I, § 1, Paragraphs V and XI of the Georgia Constitution provides additional grounds compelling the opening of the door at the Crisp County Jail courtroom.

85.    The Georgia Supreme Court has determined that "Georgia law … regarding the public aspects of hearings in criminal cases is more protective of the concept of open courtrooms than federal law." *R.W. Page Corp.*, 249 Ga. 578, 292 S.E.2d at 819. The Court pointedly noted that although the federal constitution provides a defendant with a right to a public trial, "our state constitution point-blankly states that criminal trials *shall* be public." *Id.*, 292 S.E.2d at 819 (emphasis in original) (citing Art. I, Sec. I Para. XI of the Georgia Constitution). Absent "clear and convincing proof" that closing a hearing or trial to the public is the only means to avoid a "clear and present danger" to the moving party's asserted constitutional rights, the courtroom doors are to be open. *Id.* At 579, 292 S.E.2d at 820.

86.    By their actions, inactions, customs, and practices alleged herein, Defendants Pridgen, Chasteen, Hughes, and Haralson, acting under color of state law, have failed to ensure that Plaintiff and the public were able to attend criminal proceedings in violation of the right to public trial as guaranteed by the First and Fourteenth Amendments to the United States Constitution, and Article I, Section I, Paragraph XI of the Georgia Constitution.

## LITIGATION EXPENSES

87.     Plaintiff re-alleges each and every allegation contained in this Amended Complaint as if fully set forth herein.

88.     Plaintiff is entitled to recover his expenses of litigation, including the hiring of an expert and attorney with reasonable attorneys' fees, pursuant to 42 U.S. Code § 1988.

## PRAYER FOR DAMAGES AND RELIEF

WHEREFORE Plaintiff respectfully requests damages for Defendants' violations of Plaintiff's civil and legal rights as follows:

a.    Order trial by jury on all claims triable;

b.    Enter judgment in favor of Plaintiff against all Defendants;

c.    To declare that Defendants have violated the First Amendment rights of Plaintiff to attend Superior Court hearings in the Crisp County jail courtroom;

d.    To declare Defendants failed to make any findings justifying the closure of the Crisp County jail courtroom door;

e.    To declare Defendants' denial of constitutional access to Superior Court hearings at the Crisp County jail courtroom has caused Plaintiff to suffer irreparable harm;

f.    Issue a declaratory judgment that Defendants' acts violated Plaintiff's rights pursuant to the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S. Code § 1983, and Georgia Constitution;

g.   To declare that Defendant-Judges John C. Pridgen, Robert W. Chasteen, and T. Christopher Hughes are in contempt of court for committing Fraud on the Court in violation of 42 U.S. Code § 1983 and 1985;

h.   Issue an injunction requiring Defendant Pridgen to comply with constitutional, statutory, administrative, contractual and ethical obligations, as set forth above;

i.   Issue a writ of mandamus to compel Defendant Pridgen to perform his clear constitutional, statutory, administrative, contractual and ethical duties, as set forth above;

j.   Order Defendants to make Plaintiff whole by providing for any and all monetary damages to be proven at trial and/or provided by law, jointly and severally, in an amount to be determined by the enlightened conscious of a jury as will fully compensate Plaintiff for violation of Plaintiff's Constitutional Rights;

k.   Grant Plaintiff punitive damages;

l.   Grant Plaintiff prejudgment interest;

m.   Award Plaintiff the costs of this action and reasonable attorney's fees; and

n.   Grant such additional relief as this Court deems proper and just.

## REQUEST FOR JURY TRIAL

Plaintiff requests that the matters set forth in this Amended Complaint for Damages be tried by jury.

Respectfully submitted this _____ day of November, 2014.

CRANDALL O. POSTELL, pro se
311 1st AVE. West, Apt. A
Cordele, Georgia 31015
(229) 699-0487

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail, First Class delivery, this 18th day of November, 2014, to: Eddie Snelling, Jr., Senior Assistant Attorney General, 40 Capitol Square, S. W., Atlanta, Georgia 30334-1300; Raleigh W. Rollins, Alexander & Vann, LLP, 411 Gordon Avenue, Thomasville, Georgia 31792.

Crandall O. Postell, Pro Se
311 1st Avenue West, Apt. A
Cordele, Georgia 31015
(229) 699-0487